Ognian Gavrilov, Esq., Designated Counsel for Service
SBN: 258583
Kalle Mikkola, Esq. SBN: 307203
**GAVRILOV & BROOKS**
2315 Capitol Avenue
Sacramento, California 95816
Telephone:   (916) 504-0529
Fascimile:   (916) 727-6877
Email:       kmikkola@gavrilovlaw.com

Attorneys for Plaintiff
JORDAN WHITE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JORDAN WHITE<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SACRAMENTO; SACRAMENTO POLICE DEPARTMENT; COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT;<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FALSE ARREST PURSUANT TO 42 U.S.C. § 1983;**<br>2. **USE OF EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983;**<br>3. **SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983;**<br>4. **VIOLATION OF CALIFORNIA STATE UNRUH ACT;**<br>5. **BATTERY BY PEACE OFFICER;**<br>6. **UNREASONABLE FORCE BY LAW ENFORCEMENT OFFICER;**<br>7. **FALSE ARREST WITHOUT WARRANT;**<br>8. **NEGLIGENCE;**<br>9. **BATTERY.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JORDAN WHITE hereby alleges as follows:

## INTRODUCTION

Plaintiff JORDAN WHITE (hereinafter "Plaintiff") brings this action against the CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT (hereinafter collectively referred to as "Defendants"), who subjected him to a false arrest, assault, and battery in violation of Plaintiff's federal and state constitutional and statutory rights. Plaintiff seeks an award of general, special, statutory, and punitive damages to compensate for these violations.

Defendants' actions violated those rights of Plaintiff that are secured by the Fourth and Fourteenth Amendments to the United States Constitution and entitle Plaintiff to recover damages under the Federal Civil Rights Act (42 U.S.C. § 1983).

Additionally, Plaintiff includes supplemental claims under California state law against Defendants for violation of the Bane California Civil Rights Act, California Civil Code *sections* 52 and 52(1)(b), Battery by Peace Officer, Unreasonable Force by Law Enforcement, False Arrest by Peace Officer, Negligence, and Battery

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. *sections* 1983 and 1988, and the Fourth and Fourteenth Amendments to the Unites States Constitution.  Jurisdiction is proper because this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. *sections* 1331 and 1341, subparts (3) and (4), and founded upon the aforementioned statutory and constitutional provisions.  The amount in controversy in this action satisfies the jurisdictional requirement of this Court.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. *section* 1367(a) over those claims arising under California statutory law and California common law.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. *section* 1391(b) and 18 U.S.C. *section* 1965.

## PARTIES

4. Plaintiff, JORDAN WHITE, is, and at all material times herein was, a citizen of the United States and a resident of the State of California who was arrested on or about March 12, 2018 and taken to the Sacramento County Jail. Prior to his arrest, Plaintiff was beaten by members of the Sacramento Police Department and the Sacramento County Sheriff's Department.

5. Defendants, CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, THE COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, were the employers of the officers involved in this incident. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants and were, as such, acting within the scope, course and authority of said agency employment and/or joint venture and that each and every Defendant, as aforesaid, has ratified and approved of the acts of his or her agent.

6. At the time of the filing of this civil action, the identity of individual officers in not known to Plaintiff. Upon information and belief, the individual officers were employment by the City of Sacramento and/or County of Sacramento, and at all relevant times were acting within the course and scope of that employment and under color of state law. Plaintiff reserves the right to amend this complaint to identity the individual officers when there identity becomes known.

7. At all material times mentioned herein, Defendants were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California, the County of Sacramento, the City of Sacramento, the Sacramento Police Department, and the Sacramento County Sheriff's Department.

## FACTUAL ALLEGATIONS

8. On or about March 12, 2018, Plaintiff's vehicle broke down as he was travelling, leaving him outside of Hard Times Billiards in Sacramento, California. Plaintiff got out of his

vehicle and was standing outside of the building. He was not engaged in any illegal or illicit activities.

9. Soon thereafter, approximately ten unidentified officers of the Sacramento Police Department ("SPD") and the Sacramento County Sheriff's Department ("SCSD") arrived and approached Plaintiff outside of the building. Plaintiff told the officers that he had P.T.S.D. from a prior incident involving law enforcement and sought not to engage with them should there be no reason for the stop. Plaintiff then excused himself and went inside the establishment and asked that the staff call 911 because he was in fear for his safety.

10. The officers then entered the establishment and chased after Plaintiff. The officers proceeded to grab Plaintiff, punch him multiple times, and threw his face into glass. Plaintiff lost consciousness briefly, and was carried outside and intentionally dropped onto the hard ground by the officers. Plaintiff was then arrested as he lay on the ground.

11. Within six (6) months of the aforesaid incident, Plaintiff filed a Government Tort Claim for himself against both the City of Sacramento and County of Sacramento (a copy of said claims are attached hereto as Exhibit "A", and Exhibit "B", and incorporated herein to the extent relevant by this reference). The City of Sacramento denied Plaintiff's claim on September 12, 2018, and the County of Sacramento denied Plaintiff's claim on Nov ember 7, 2018. Plaintiffs now brings this action against all Defendants.

12. As a result of the actions of Defendants, Plaintiff suffered physical, mental, and emotional distress, and violation of due process of law and state and federal statutory and constitutional rights, and is entitled to recover damages according to proof.

**FIRST CAUSE OF ACTION**
**FALSE ARREST**
**(Violation of Fourth and Fourteenth Amendments to the U.S. Constitution:**
**Actionable under 42 U.S.C § 1983)**

13. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

14. Defendants' false arrest of Plaintiff was a violation of his rights under the Fourth Amendment to be free of unreasonable searches and seizures, and in violation of Plaintiff's right to due process and privacy under the Fourteenth Amendment.

15. Defendants intentionally arrested Plaintiff without a warrant and without probable cause. In doing so, Defendants were acting or purporting to act in the performance of their official duties.

16. Plaintiff was harmed as a result of the unlawful arrest, and the unlawful arrest was a substantial factor in causing the harm.

17. By conducting the complained of arrest described herein, Defendants directly and proximately harmed Plaintiff, as herein alleged, entitling Plaintiff to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

18. By conducting the complained of actions, or omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

19. Plaintiff alleges that the acts and omissions of Defendants alleged in this Complaint were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

**SECOND CAUSE OF ACTION**
**EXCESSIVE FORCE**
**(Violation of Fourth and Fourteenth Amendments to the U.S. Constitution:**
**Actionable under 42 U.S.C § 1983)**

20. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

21. Defendants intentionally used excessive force in detaining and arresting Plaintiff.

22. Defendants' excessive force against Plaintiff was a violation of his rights under the Fourth Amendment to be free of unreasonable searches and seizures, and in violation of Plaintiff's right to due process and privacy under the Fourteenth Amendment.

23. Defendants intentionally used excessive force in chasing after, beating, throwing, and arresting Plaintiff while acting or purporting to act within the performance of Defendants' duties. Plaintiff was harmed as a result, and the use of excessive force was a substantial factor in causing Plaintiff's harm.

24. At the time Defendants improperly used excessive force it was not reasonably necessary under the circumstances. Plaintiff was not engaging in any improper behavior or illicit activity. Plaintiff was posing no immediate threat to the safety of Defendants or anyone in his vicinity. Defendants actions and conduct were completely unjustified, appalling, shocking, inappropriate, and baseless.

25. By conducting the complained of violent acts described herein, Defendants directly and proximately harmed Plaintiff, as herein alleged, entitling Plaintiff to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

26. By conducting the complained of actions, or omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

27. Plaintiff alleges that the acts and omissions of Defendants alleged in this Complaint were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

//

//

//

## THIRD CAUSE OF ACTION
### SUPERVISORY LIABILITY
**(Failure to recruit, employ, train, and supervise - 42 U.S.C § 1983)**

28. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

29. This action is brought pursuant to 42 U.S.C. *Section* 1983 and the Fourth and Fourteenth Amendments to the United States Constitution for Defendants violation of Plaintiff's procedural and substantive due process rights, pursuant to *Monell v. New York City Dept. of Social Servs.* 436 U.S. 658 (1978), to recruit, train, monitor, and supervise their officers and employees to comply with said rights. This action is also brought pursuant to *City of Canton v. Harris,* 489 U.S. 378 (1989), in that Defendants' failure to train amounted to deliberate indifference to the rights of persons whom police come into contact with, including Plaintiff.

30. Defendants have failed to recruit, train, monitor and supervise the Sacramento County Sheriff, and Sacramento City officers regarding mitigation of excessive force, as alleged above.

31. Defendants were deliberately indifferent to the rights of Plaintiff in their failure to recruit, train, monito and supervise the Sacramento County Sheriff, and Sacramento City officers, regarding excessive force.

32. By conducting the complained of violent acts described herein, Defendants directly and proximately harmed Plaintiff, as herein alleged, entitling Plaintiff to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

33. By conducting the complained of actions, or omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

## FOURTH CAUSE OF ACTION
**Violation of Unruh (Bane) Civil Rights Act, California Civil Code §§ 52 and 52.1**

34. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

35. By conducting the actions described herein, Defendants interfered with the Plaintiff's federal and state constitutional and statutory rights by means of false arrest, excessive force, threats, coercion, and intimidation, and directly and proximately caused damages to Plaintiff, as alleged herein, entitling Plaintiff to recover a minimum of $4,000.00 each pursuant to California Civil Code § 52.1 and § 52, in addition to other damages.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

### FIFTH CAUSE OF ACTION
**Battery by Peace Officer – California State Law**

36. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

37. Defendants intentionally touched the Plaintiff, or caused him to be touched, using unreasonable force to detain and arrest Plaintiff. Plaintiff did not consent to the use of that force, which harmed Plaintiff. Defendants use of force was unreasonable, and that unreasonable force was a substantial factor in causing harm to the Plaintiff claimed herein.

38. By conducting the complained of actions, or omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

39. Plaintiff alleges that the acts and omissions of Defendants alleged in this Complaint were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears.

### SIXTH CAUSE OF ACTION
**Unreasonable Force by Law Enforcement Officer in Arrest or Other Seizure – California State Law**

40. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

41. Defendants used unreasonable force in arresting the Plaintiff, and the amount of force used was unreasonable. That unreasonable use of force by Defendants was a substantial factor in causing harm to the Plaintiff claimed herein.

42. By conducting the actions described herein, Defendants directly and proximately damaged Plaintiff, as alleged herein, entitling Plaintiff to damages according to proof.

43. By conducting the complained of actions, or omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

44. Plaintiff alleges that the acts and omissions of Defendants alleged in this Complaint were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## SEVENTH CAUSE OF ACTION
**False Arrest without Warrant by Peace Officer – California State Law**

45. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

46. Plaintiff was wrongfully arrested by Defendants. Plaintiff was arrested by Defendants without a warrant or probable cause, Plaintiff was harmed by the arrest, and the Defendants' conduct was a substantial factor in causing the harm to Plaintiff claimed herein.

47. By conducting the actions described herein, Defendants directly and proximately damaged Plaintiff, as alleged herein, entitling Plaintiff to damages according to proof.

48. By conducting the complained of actions, or omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

49. Plaintiff alleges that the acts and omissions of Defendants alleged in this Complaint were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
**Negligence – California State Law**

50. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

51. On or about March 12, 2018, Plaintiff was owed a duty of care by Defendants.

52. On the same date, Defendants breached the duty of care owed to Plaintiff in that Defendants negligently caused plaintiff's injury, harm and damage.

53. In particular, the Defendants breached their duty of care by attacking Plaintiff who did not present an immediate threat to Defendants or others.

54. By conducting the actions described herein, Defendants directly and proximately damaged Plaintiff, as alleged herein, entitling Plaintiff to damages according to proof.

55. By conducting the complained of actions, or omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, mental and emotional distress, serious physical injuries, medical expenses, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

### NINTH CAUSE OF ACTION
**Battery - California State Law**

56. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

57. The conduct of Defendants alleged herein, including, but not limited to Defendants actions of attacking Plaintiff, under circumstances where Plaintiff did not pose an immediate risk or threat to anyone and there was no objectively reasonable justification for the use of force, constituted a battery.

58. By conducting the actions described herein, Defendants directly and proximately damaged Plaintiff, as alleged herein, entitling Plaintiff to damages according to pro

59. The aforementioned acts and/or omissions of Defendants were willful, intentional, wanton, reckless, and /or accomplished with a conscious disregard of Plaintiff's rights entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment as follows:

1. For compensatory, general, and special damages;
2. Exemplary damages in an amount sufficient to deter and to make an example of Defendants;
3. In addition to compensatory damages and statutory damaged as allowed by law, at least $4,000.00 pursuant to California Civil Code § 52.1 and § 52, for each violation thereof.
4. Attorney's fees and costs under 42 U.S.C. § 1988, California Civil Code § 52(b)(3), California Civil Code § 52.1(h); and California Code of Civil Procedure § 1021.5;
5. The costs of this suit and such other relief as the court finds just and proper.

DATED: March 6, 2019　　　　　　　　　　　　　　**GAVRILOV & BROOKS**

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Ognian Gavrilov*
　　　　　　　　　　　　　　　　　　　　　　　Ognian Gavrilov
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　JORDAN WHITE